PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court pursuant to provisions of the Rules Regulating The Florida Bar. The Court has jurisdiction under article V, section 15 of the Florida Constitution.
Attorney Alan S. Weissman, the respondent in a disciplinary proceeding before a grievance committee of The Florida Bar, has submitted a stipulation and guilty plea for a consent judgment on discipline. In his pleading respondent stipulates that there is probable cause for further disciplinary proceedings against him. Respondent also admits that he is guilty of several counts of misappropriation of funds held in trust for clients. The disciplinary measure to which respondent has agreed is disbarment.
The Florida Bar recommends that we accept respondent’s guilty plea and impose the disciplinary measure agreed by the parties. A designated reviewer representing the Board of Governors has approved the plea, stipulations and recommendation. Pursuant to Rule of Discipline 3-7.8(a) of the Rules Regulating The Florida Bar, we therefore accept the guilty plea and impose discipline agreed upon in the stipulation, to wit:
a) Disbarment wherein Respondent shall not tender an application for admission to The Florida Bar within five (5) years after the date of the Supreme Court Order of disbarment.
b) Prior to tendering an application for readmission, Respondent shall make restitution to any party who has suffered a loss due to misappropriation of trust funds.
c) In an effort to determine the extent of the misappropriation, within 30 days after approval of this consent judgment by the Board of Governors, Respondent shall retain the services of a certified public accountant (“accountant”) to complete the audit begun by The Florida Bar Staff Auditor. The accountant shall file with the Supreme Court an affidavit reflecting Respondent’s liability to each client or party including the name of said party and the amount of funds owed.
d) Respondent shall cooperate with any investigation by the Clients’ Security Fund and shall reimburse the Clients’ Security Fund for any claims paid as a result of his actions. Reimbursement to the Clients’ Security Fund shall be made prior to tendering an application for readmission to the Bar.
e) Respondent shall return to clients the unearned portion of any fee. Respondent shall attempt to amicably resolve any dispute with a client involving his fee and agrees that with the client’s approval any dispute involving his fee shall be submitted to arbitration before the Fee Arbitration Committee of the Dade County Bar Association.
f) Taxation of costs of this disciplinary proceeding assessed against Respondent, with execution to issue with interest at a rate of 12% to accrue on all costs not paid within thirty (30) days of entry of the Supreme Court’s final order, unless the time for payment is extended by the Board of Governors.
Attorney Alan S. Weissman is hereby disbarred. As he has already ceased the practice of law, the effective date of disbarment is the date of filing of this opinion. The Florida Bar’s costs in these proceed *329 ings are assessed against respondent. Judgment is entered against Alan S. Weiss-man in the amount of $4,166.15, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.